# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

April 12, 2019

**VIA ECF**
The Honorable Robert W. Lehrburger, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   *Moschitto v. Scoozi Events NYC, Inc., et al.*
               Case No. 18-cv-6464

Dear Judge Lehrburger:

We are counsel for Plaintiff and write, jointly with counsel for Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

In this matter, the parties have reached a settlement of $18,000 for Plaintiff's wage and hour claims brought pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Based on the above criteria, the Settlement Agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $18,000, of which $12,000 is being allocated to the Plaintiff Michael Moschitto. Attached hereto as **Exhibit B** are damages calculations for Plaintiff's alleged unpaid compensation, calculated to be $3,394.50 in back wages (100% recovery, with full liquidated damages and partial penalties).

Plaintiff's damages calculations assume that all the facts alleged by Plaintiff are entirely correct. Therefore, they are a best-case scenario should this matter proceed to trial, and Plaintiff were to prevail on all his claims. Defendants have provided employment records for Plaintiff contesting Plaintiff's allegations and claims. These records, which include, among other things, Plaintiff's wage statements and time records, support this position that Plaintiff may not be entitled to any recovery at all. While Plaintiff contests the accuracy of the documents produced, he understands the significance of such documents in a jury trial. If Defendants were to succeed at trial (or on summary judgment) in establishing that Plaintiff was paid all his wages for all hours that he worked, including overtime, the damages calculations would be significantly reduced, or may result in nothing at all. Indeed, Plaintiff's damages calculations assume that due to the alleged improper fixed salary (rather than an hourly rate), Plaintiff was paid only for his regular hours and is therefore owed the full time-and-half payment for his overtime hours. However, if Defendants established that Plaintiff was paid properly, was correctly compensated for his overtime hours, or that Plaintiff worked less hours than alleged, Plaintiff's damages would be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks**

Plaintiff hopes to avoid the risk of further litigating his claims in this action. There is an inherent risk that Plaintiff may not succeed on a motion for summary judgment and/or in being able to establish any liability at trial. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA and NYLL, and in light of the defenses available to Defendants. Plaintiff believes the amount of $18,000 is a fair result, obtaining full recovery of the best-case scenario of alleged back wages, plus full liquidated damages and some penalties and attorney's fees, while eliminating the risks of long and protracted litigation, including trial. In fact, continuing the litigation would be highly risky to Plaintiff as he would run the risk of receiving a lesser amount (or nothing at all) than what he is receiving under the Settlement Agreement. Additionally, Defendants remain steadfast that Plaintiff's wage and hour claims are meritless. However, Defendants understand the lengthy and expensive cost to proceed with litigation.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion**

The proposed Settlement Agreement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which

Plaintiff would receive a recovery of almost all possible alleged back wages plus attorneys' fees and eliminating the burdens and costs of further litigation.

**The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $18,000 settlement amount, $6,000 is allocated to attorneys' fees and costs. The legal fees and costs equal one-third of the settlement amount, which is routinely approved as attorney's fees in such FLSA/NYLL matters. Since Plaintiff is receiving two-thirds of the settlement amount, which **Exhibit B** indicates is more than the amount owed to him in back wages, Plaintiff's counsel's allocated fees of $6,000 are fair and reasonable.

Plaintiff's counsel's fees of $6,000 are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing for and attending an initial pretrial conference, preparing and serving Defendants with discovery demands, analyzing Defendants' discovery production, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

   *s/ C.K. Lee*
C.K. Lee, Esq.

Encl.